*In re* Manuel Cruz Horta, querellado.

Núm. 69.—*Sometido:* Marzo 7, 1947. *Resuelto:* Marzo 20, 1947.

Manuel Cruz Horta, pro se; F. García Quiñones y Carlos H. Juliá, abogados del querellado; J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo, abogado de El Pueblo.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En marzo 28 de 1938, el abogado querellado a nombre y en representación de Pablo Meléndez, como demandante, radicó ante la Corte de Distrito de San Juan una demanda para el cobro de un pagaré por la suma de $900, que se alegaba había sido suscrito y entregado por el demandado Romualdo Rivera al demandante. Anotada la rebeldía y dictada sentencia en contra del demandado, habiendo renun-

ciado éste su derecho de apelación libróse orden para la ejecución de la sentencia y se procedió a embargar y vender en pública subasta una casa valorada en la suma de $3,000, perteneciente por partes iguales al demandado Romualdo Rivera y a su ex esposa Celia Olmedo Wood. La finca fué adjudicada a Philip El Koury por la suma de $500.

En julio 14 de 1938, Celia Olmedo Wood radicó demanda contra Meléndez, Rivera y El Koury, solicitando la nulidad de todas las actuaciones en el pleito de Meléndez contra Rivera. Se basaba la demanda en que el pagaré se había simulado con el fin de defraudar a Celia Olmedo Wood, divorciada de Romualdo Rivera, privándola de su participación en los bienes gananciales. La corte de distrito dictó sentencia decretando la nulidad de todas las actuaciones; y traído el caso en apelación ante este Tribunal Supremo, en mayo 21 de 1945 dictamos sentencia confirmando la recurrida. Véase: *Olmedo v. Rivera*, 65 D.P.R. 49. En la opinión emitida en dicho caso, dijimos:

" . . . Este caso está plagado de fraude y lo referiremos al Fiscal de esta Corte para que determine si el abogado que representó a Rivera cuando se fraguó y consumó el elaborado plan aquí envuelto actuó impropiamente."

En noviembre 5 de 1946, el Fiscal formuló una querella contra el abogado Manuel Cruz Horta, imputándole, en síntesis:

1. Que mientras el abogado querellado representaba ante la Corte de Distrito al demandante Pablo Meléndez, en la acción contra Romualdo Rivera sobre cobro del pagaré, también prestaba servicios como abogado al demandado en dicha acción Romualdo Rivera, en relación con el mismo asunto.

2. Que el querellado intervino a sabiendas y voluntariamente en la realización del plan para defraudar a Celia Olmedo Wood. "cuando con su anuencia y gestión activa tramitó en forma acelerada los distintos pasos judiciales ante la Corte".

Alegando que el primer cargo constituye una infracción a los cánones de ética profesional y el segundo una conducta inmoral e impropia, el fiscal solicitó se dictara sentencia disponiendo la separación del querellado del ejercicio de la abogacía y de la práctica del notariado en Puerto Rico.

En la vista celebrada el 7 de marzo de 1947 el Fiscal presentó prueba testifical y documental para sostener las alegaciones de la querella. El querellado declaró extensamente explicando al Tribunal todas y cada una de sus actuaciones en relación con el cobro del pagaré otorgado por Romualdo Rivera a favor de Meléndez y negando enfáticamente que en momento alguno él tuviera conocimiento o motivos para sospechar que el pagaré fuese simulado.

No creemos necesario hacer una exposición detallada de lo declarado por cada uno de los testigos. Bastará decir que la prueba ofrecida por el Fiscal, considerada en conjunto, es a nuestro juicio insuficiente para sostener la querella. *Procede, por lo tanto, desestimar la querella en todas sus partes y exonerar al querellado.*